# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY A. SANCHEZ,<br><br>    Petitioner,<br><br>    v.<br><br>CHRISTIAN PFEIFFER,<br><br>    Respondent. | Case No. 1:23-cv-01767-KES-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>(ECF No. 16) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**

**BACKGROUND**

On July 25, 2016, Petitioner was convicted in the Kern County Superior Court of attempted murder, active participation in a criminal street gang, and being a felon in possession of a firearm. On August 22, 2016, Petitioner was sentenced to an imprisonment term of 105 years to life plus forty-six years. (LDs[1] 1, 2.) On December 20, 2019, the California Court of Appeal, Fifth Appellate District, remanded the matter to the trial court to exercise its discretion under California Penal Code sections 12022.53(h), 667(a), and 1385(b), and resentence accordingly, but affirmed the judgment in all other respects. (LD 2.) On March 25, 2020, the

---

[1] "LD" refers to the documents lodged by Respondent on February 23, 2024. (ECF No. 17.)

1

1  California Supreme Court denied the petition for review. (LDs 3, 4.) On December 15, 2021, the
2  Kern County Superior Court held the remand hearing and ordered that Petitioner's sentence
3  remain unchanged. (LD 5.) Petitioner did not appeal.

4  On February 22, 2021,[2] Petitioner constructively filed a state petition for writ of habeas
5  corpus in the Kern County Superior Court, which denied the petition on April 12, 2021. (LDs 6,
6  7.) On October 28, 2021, Petitioner constructively filed a state petition for writ of habeas corpus
7  in the California Court of Appeal, Fifth Appellate District, which denied the petition on February
8  3, 2022. (LDs 8, 9.) On December 29, 2022, Petitioner constructively filed a state petition for
9  writ of habeas corpus in the California Supreme Court, which denied the petition on May 3,
10 2023. (LDs 10, 11.)

11 On November 15, 2023, Petitioner constructively filed the instant federal petition for writ
12 of habeas corpus. (ECF No. 1.) On February 22, 2024, Respondent filed a motion to dismiss,
13 arguing that the petition was filed outside the one-year limitation period. (ECF No. 16.) To date,
14 no opposition or statement of non-opposition has been filed, and the time for doing so has
15 passed.

**II.**

**DISCUSSION**

**A. Statute of Limitations**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act
of 1996 ("AEDPA"). AEDPA imposes various requirements on all petitions for writ of habeas
corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v.
Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc). The instant petition was filed after the
enactment of AEDPA and is therefore governed by its provisions.

AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal
petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Section 2244(d) provides:

---

[2] Pursuant to the mailbox rule, a pro se prisoner's habeas petition is filed "at the time . . . [it is] delivered . . . to the prison authorities for forwarding to the court clerk." Hernandez v. Spearman, 764 F.3d 1071, 1074 (9th Cir. 2014) (alteration in original) (internal quotation marks omitted) (quoting Houston v. Lack, 487 U.S. 266, 276 (1988). The mailbox rule applies to both federal and state habeas petitions. Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010). Respondent applied the mailbox rule in the motion to dismiss. (ECF No. 16 at 2 n.1.)

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final or the expiration of the time for seeking such review. Here, as Petitioner did not appeal the trial court's December 15, 2021 resentencing determination, the judgment became final when Petitioner's time for seeking review expired sixty days thereafter on February 14, 2022.[3] See Cal. R. Ct. 8.308. The one-year limitation period commenced running the following day, February 15, 2022, and absent tolling, was set to expire on February 14, 2023. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)).

**B. Statutory Tolling**

The "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted

---

[3] Sixty days after the trial court's December 15, 2021 resentencing determination was February 13, 2022, which fell on a Sunday. Accordingly, the time for seeking review was extended to the next business day. See Cal. R. Ct. 1.10(a) ("The time in which any act provided by these rules is to be performed is computed by excluding the first day and including the last, unless the last day is a Saturday, Sunday, or other legal holiday, and then it is also excluded.").

3

toward" the one-year limitation period. 28 U.S.C. § 2244(d)(2). Here, the Kern County Superior Court denied Petitioner's first state habeas petition on April 12, 2021, and the California Court of Appeal, Fifth Appellate District denied Petitioner's second state habeas petition on February 3, 2022. (LDs 6–9.) As Petitioner's first and second state habeas petitions were filed and denied before the one-year limitation period commenced, Petitioner is not entitled to statutory tolling for the period during which these petitions were pending. See Waldrip v. Hall, 548 F.3d 729, 735 (9th Cir. 2008) (finding that a state habeas petition filed and denied before the federal limitations period began to run "ha[s] no effect on the timeliness of the ultimate federal filing").

On December 29, 2022, Petitioner constructively filed a state petition for writ of habeas corpus in the California Supreme Court. (LD 10.) On May 3, 2023, the California Supreme Court denied the petition with the notation: "(See In re Robbins (1998) 18 Cal.4th 770, 780 [courts will not entertain habeas corpus claims that are untimely].)" (LD 11.) A habeas petition that is untimely under state law is not "properly filed." Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005). Therefore, "none of the time before or during the state court's consideration of an untimely petition is tolled for purposes of AEDPA's limitations period." Curiel v. Miller, 830 F.3d 864, 868 (9th Cir. 2016) (en banc) (citing Evans v. Chavis, 546 U.S. 189, 197 (2006)). Given that Petitioner's third state habeas petition was untimely under state law, it was not "properly filed," and thus, does not toll the limitation period.

Based on the foregoing, Court finds that the instant federal petition was filed outside the one-year limitation period when statutory tolling is applied, and the instant federal petition is untimely unless Petitioner establishes that equitable tolling is warranted.

**C. Equitable Tolling**

The limitation period also is subject to equitable tolling if the petitioner demonstrates "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Petitioner bears the burden of alleging facts that would give rise to tolling. Holland, 560 U.S. at 649; Pace, 544 U.S. at 418. Here, however, Petitioner has not made any showing that he is entitled to equitable tolling. In

fact, Petitioner failed to respond to the motion to dismiss. Therefore, the instant federal petition was not timely filed, and dismissal is warranted on this ground.

### III.

### RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that:

1. Respondent's motion to dismiss (ECF No. 16) be GRANTED; and
2. The petition for writ of habeas corpus be DISMISSED as untimely.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 15, 2024**

UNITED STATES MAGISTRATE JUDGE